UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GARRETT SMITH, <br><br> Plaintiff, <br><br> v. <br><br> SANDRA ALDRIDGE, et al., <br><br> Defendants. | CASE NO. 3:19-CV-05600-RBL-DWC <br><br> REPORT AND RECOMMENDATION <br><br> Noting Date: August 30, 2019 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff John Garrett Smith's Declaration and Application to Proceed *In Forma Pauperis* ("Motion"). Dkt. 5. After reviewing the Motion, the Court concludes Plaintiff has incurred three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Therefore, the Court recommends Plaintiff's Motion (Dkt. 5) be denied and Plaintiff be directed to pay the $400.00 filing fee in order to proceed with this action.

REPORT AND RECOMMENDATION - 1

## I. Background

Plaintiff, who is a Washington State prisoner currently incarcerated at the Stafford Creek Corrections Center, filed the Motion in this civil rights action on July 8, 2019. Dkt. 1. In the proposed complaint, Plaintiff alleges that Defendants are interfering with Plaintiff's public records requests. *Id*. Plaintiff also contends Defendants illegally acquired his smartphone, stealing his "physical, intellectual and identity assets." *Id*. at p. 2.

## II. Discussion

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs *in forma pauperis* ("IFP") proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc)). Indigent prisoners still receive IFP status if they meet the requirements, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051. "Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051-52. The "three-strikes rule," contained in §1915(g), states:

> [i]n no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1    The Court notes the PLRA's strike provision does not distinguish between dismissals
2 with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions
3 dismissed pursuant to the PLRA's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154-
4 55 (9th Cir. 2008). When an application is rejected pursuant to the screening provisions of 28
5 U.S.C. § 1915 and the case is dismissed, the dismissal counts as a strike. *Id* at 1155.

6    While incarcerated Plaintiff brought at least three actions which were frivolous,
7 malicious, or failed to state a claim. *See Smith v. Settle*, Case No. 3:18-cv-5221-RJB (W.D.
8 Wash. March 30, 2018) (dismissed as frivolous and for failure to state a claim); *Smith v.
9 Aldridge*, Case No. 3:18-cv-5191-RBL (W.D. Wash. May 22, 2018) (dismissed as frivolous and
10 deemed a strike); *Smith v. Walker*, Case No. 3:18-cv-5211-BHS (W.D. Wash. May 31, 2018
11 (dismissed with prejudice and deemed frivolous under §1915); *Smith v. Browne*, Case No. 3:18-
12 cv-5611-RBL (W.D. Wash. July 30, 2018) (dismissed case as a strike because the case was
13 frivolous and/or malicious). Therefore, Plaintiff has incurred three strikes and is barred from
14 proceeding IFP in this action unless he can show he is exempt from the three-strikes rule because
15 he is under imminent danger of serious physical injury.[1]

16    The three-strikes rule does not apply if "the prisoner is under imminent danger of serious
17 physical injury." 28 U.S.C. § 1915(g). Prisoners qualify for the imminent danger exception based
18 on the alleged conditions at the time the complaint is filed. *Cervantes*, 493 F.3d at 1052. The
19 imminent danger exception requires a prisoner allege a danger which is "ready to take place" or
20 "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted). The Ninth
21 Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to

22

23    [1] The Court finds Plaintiff has filed several other lawsuits while incarcerated. As the Court found Plaintiff has incurred at least four strikes, the Court declines to review all lawsuits filed by Plaintiff while he was incarcerated
24 to determine if he has incurred more strikes.

interpret the imminency requirement.'" *Id.* (quoting *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)). Additionally, the plaintiff must make specific or credible allegations showing the threat is real and proximate. *Cervantes*, 493 F.3d at 1053 (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

Plaintiff alleges Defendants have failed to comply with public disclosure requests and have violated his rights related to the confiscation of his smartphone. *See* Dkt. 1. Based on the allegations in the Complaint is it unclear if Plaintiff has stated a claim for which relief can be granted. It is, however, clear that Plaintiff does not allege danger of any physical injury, much less an imminent serious physical danger which is "ready to take place" or "hanging threateningly over [his] head." *Cervantes*, 493 F.3d at 1056. Therefore, the imminent danger exception does not apply in this case, and Plaintiff is subject to the three-strikes rule.

### III.   Conclusion

For the above stated reasons, the Court finds Plaintiff has incurred at least three strikes under 42 U.S.C. § 1915(g) and has not shown the imminent danger exception applies. Therefore, the Court recommends Plaintiff's Motion (Dkt. 5) be denied. The Court further recommends Plaintiff be ordered to pay the $400.00 filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted if he wishes to proceed with this lawsuit. If Plaintiff does not pay the filing fee, the Court recommends this case be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

1  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August

2  30, 2019, as noted in the caption.

3  Dated this 14th day of August, 2019.

*[signature]*

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5