1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

JOHN GARRETT SMITH,

11

Plaintiff,

CASE NO. 3:19-cv-05600-RBL-JRC

12

v.

ORDER ON PLAINTIFF'S
MOTION TO RECUSE

13

SANDRA ALDRIDGE, *et al.*,

14

Defendants.

15

16       This matter under 42 U.S.C. § 1983 has been referred to the undersigned as authorized by

17   28 U.S.C. § 636(b).  *See* Dkt. 64.  The matter is before the Court on plaintiff's "MOTION for

18   JRC to be Immediately Removed for the Bench," which the Court interprets as a motion for

19   recusal.  *See* Dkt. 74.  For the reasons stated herein, the undersigned declines to recuse himself

20   and directs this motion to be set on the Chief Judge's calendar for consideration.

21                                        **BACKGROUND**

22       This matter was referred to the undersigned on May 4, 2020, after the previously assigned

23   magistrate judge recused himself based on a potential conflict of interest.  *See* Dkt. 64.  By that

24

1  time, the Court had entered a pretrial scheduling order setting discovery and dispositive

2  deadlines and certain defendants had filed a summary judgment motion that is currently ripe for

3  decision.  *See* Dkt. 43.  Plaintiff has also filed a number of pending motions.  *See* Dkts. 55, 56,

4  65, 66, 72.  The Court has yet to rule on any motion or issue a report and recommendation in this

5  matter.

6        Plaintiff appears to seek recusal primarily because the undersigned issued a report and

7  recommendation that plaintiff did not like.  *See* Dkt. 74, at 2.  Plaintiff also states that he has

8  filed a lawsuit against the undersigned in state court—apparently, a lawsuit in which he has also

9  named a number of other federal judges in this District as defendants.  *See* Dkt. 74, at 2.

10  **DISCUSSION**

11        The Court's local rules provide for the following procedure when a motion to recuse is

12  filed:

13        Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28

14        U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily.  If the challenged judge decides

15        not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee.  If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk

16        shall refer it to the active judge with the highest seniority.

17  Local Civil Rule 3(f).

18        The undersigned has reviewed the applicable judicial policies and rules and declines to

19  voluntary recuse himself for the reasons discussed herein.

20        A judge shall recuse himself or herself if "a reasonable person with knowledge of all the

21  facts would conclude that the judge's impartiality might reasonably be questioned"—a test that

22  requires recusal if there is the appearance of bias.  *Yagman v. Republic Ins.*, 987 F.2d 622, 626

23  (9th Cir. 1993); 28 U.S.C. § 455.  Disqualification is warranted if "a reasonable person with

24

1    knowledge of all the facts would conclude that the judge's impartiality might reasonably be

2    questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008).  A judge's alleged

3    bias, prejudice, or partiality must be based on knowledge derived from a source outside of any

4    judicial proceedings—some factor other than what the judge learned from his or her participation

5    in the case. *Liteky v. United States*, 510 U.S. 540, 554 (1994).  Prior judicial rulings alone

6    almost never constitute a valid basis for a bias or partiality motion. *Liteky*, 510 U.S. at 555.

7         First, recusal is not appropriate on the basis of the litigation that plaintiff claims to be

8    bringing in state court against a number of judges in this district, including the undersigned.  The

9    undersigned has consulted the Judicial Conference's Guide to Judiciary Policy and finds that in

10   fact, the Committee on Codes of Conduct has advised against recusal in such a situation:

11        Important reasons exist for a judge not to disqualify routinely, as this would permit
          and might even encourage litigants to manipulate and abuse the judicial process,
12        which could undermine public confidence in the integrity of the judiciary.
          Automatic disqualification of a judge cannot be obtained by the simple act of suing
13        the judge, particularly where the suit is primarily based on the judge's prior judicial
          rulings.
14        . . . .
                  A litigant with a case pending before a judge may respond to an adverse
15        ruling by initiating a complaint against the judge. . . .
                  A judge is not automatically disqualified from participating in other,
16        unrelated cases involving the same litigant, whether they are filed before or after
          the complaint in which the judge is a defendant.  Judicial immunity usually will be
17        a complete defense against a new complaint of this nature, and the court in which
          the complaint is filed likely will dismiss it as frivolous.  In such circumstances, the
18        mere fact that a litigant has filed a new frivolous complaint against a judge based
          on the judge's official actions will not disqualify the judge from continuing to
19        preside over the earlier, unrelated matter brought by the same litigant.  The same
          holds true when a litigant who previously filed a complaint naming a judge
20        subsequently files an unrelated case against others that is assigned to the named
          judge.
21        Although there might be some question regarding the impartiality of the judge in
          these situations, [Judicial] Canon 3C(1) requires that the basis for questioning a
22        judge's impartiality must be "reasonable" for the judge to be required to recuse.
          The factors the judge should consider in making the reasonableness determination
23        are identified above, i.e., the nature of the complaint, the applicable law, and other
          relevant circumstances.  A complaint filed against a judge that is subject to prompt

24

ORDER ON PLAINTIFF'S MOTION TO RECUSE - 3

1    dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable
2    basis to question the judge's impartiality in unrelated cases filed against others by
     the same litigant.  Such a nonmeritorious complaint, standing alone, will not lead
3    reasonable minds to conclude that the judge is biased against the litigant or that the
     judge's impartiality can reasonably be questioned, and thus will not require the
4    judge to recuse.

5    "Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing

6    Claims Against Judge," *Guide to Judiciary Policy, Vol. 2B, Ch. 2*, at 187–89.[1]

7              In light of what appears to be an attempt by plaintiff to have the undersigned disqualified

8    from hearing plaintiff's cases in this Court by filing state court litigation claiming obstruction of

9    justice, the undersigned concludes that the nature of the state court proceeding and all relevant

10   circumstances counsel against recusal.

11             Plaintiff also seeks recusal based on the undersigned's report and recommendation in one

12   of plaintiff's previously filed cases in this Court.  *See* Dkt. 42, *Smith v. Haynes*, 3:19-cv-0394-

13   RBL.  However, the undersigned is aware of no requirement that a judge must recuse himself

14   from handling multiple cases filed by the same litigant or where a litigant is dissatisfied with an

15   adverse ruling in another matter.  Plaintiff points to no indication of extrajudicial bias when the

16   undersigned entered the report and recommendation in *Smith v. Haynes*.  A reasonable observer

17   would not conclude that such calls into question this Court's ability to be impartial in the

18   pending matter.

19             For these reasons, the undersigned declines to voluntarily recuse himself in this matter.

20                                          **CONCLUSION**

21             The undersigned will not voluntarily recuse himself from this matter.  Plaintiff's motion

22   (Dkt. 74) shall be referred to the Chief Judge in accordance with LCR 3(f) for a determination as

23

24             [1] *Available at* https://www.uscourts.gov/rules-policies/judiciary-policies/ethics-policies.

1    to its merits.  This action is stayed pending resolution of the recusal issue.  No further motions

2    shall be filed in this matter until the stay is lifted.  **Any motion filed while the matter is stayed**

3    **shall not be considered and shall be dismissed.**  The Clerk is direct to send a copy of this order

4    to petitioner.

5          Dated this 20th day of May, 2020.

8          J. Richard Creatura
           United States Magistrate Judge