UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN GARRETT SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SANDRA ALDRIDGE, et al.,<br><br>　　　　　Defendants. | CASE NO. C19-5600-RBL-JRC<br><br>ORDER ON REVIEW OF<br>MOTION FOR RECUSAL |

On May 15, 2020, Plaintiff John Garrett Smith, proceeding pro se, filed a Motion seeking to disqualify the Honorable J. Richard Creatura in this matter. Dkt. #74. On May 20, 2020, Judge Creatura issued an Order declining to recuse himself and, in accordance with this Court's Local Rules, referring that decision to the Chief Judge for review. Dkt. #75; LCR 3(f).

A judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge

shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

"[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

Plaintiff moves for recusal on the basis that Judge Creatura issued a Report and Recommendation in a separate case, No. C19-5394-RBL, with which Plaintiff disagrees. Dkt. #74 at 2. Plaintiff also references another case in Washington state court in which he named Judge Creatura and other federal judges in the Western District of Washington as defendants. *Id.* (citing Case No. 18-2-303-14.) Plaintiff argues that these other cases evince Judge Creature's "self-evident motive" to aid and abet criminal activity. *Id.* at 2-6.

Nothing presented in Plaintiff's Motion convinces the Court that the standards for recusal have been met. Regarding the Report and Recommendation issued in a separate case, it is well-established that prior adverse rulings are not a valid basis for recusal. *See Studley*, 783 F.2d at 939; *see also Taylor*, 993 F.2d at 712. Furthermore, to the extent that Plaintiff claims recusal is warranted on the basis of litigation he has filed against Judge Creatura and other judges in this district claiming obstruction of justice, the Judicial Conference's Committee on Codes of Conduct advises against recusal in such a situation:

> A litigant with a case pending before a judge may respond to an adverse ruling by initiating a complaint against the judge. . . . In such circumstances, the mere fact that a litigant has filed a new frivolous complaint against a judge based on the judge's official actions will not disqualify the judge from continuing to preside over the earlier, unrelated matter brought by the same litigant. The same holds true when a litigant who previously filed a complaint naming a judge subsequently files an unrelated case against others that is assigned to the named judge.
> . . .
> A complaint filed against a judge that is subject to prompt dismissal on judicial immunity grounds will not ordinarily give rise to a reasonable basis to question the judge's impartiality in unrelated cases filed against others by the same litigant. Such a nonmeritorious complaint, standing alone, will not lead reasonable minds to

conclude that the judge is biased against the litigant or that the judge's impartiality can reasonably be questioned, and thus will not require the judge to recuse.

"Committee on Codes of Conduct Advisory Opinion No. 103: Disqualification Based on Harassing Claims Against Judge," *Guide to Judiciary Policy, Vol. 2B, Ch. 2*, at 189 (available at https://www.uscourts.gov/sites/default/files/guide-vol02b-ch02-2019_final.pdf) (last visited June 16, 2020). For these reasons, Plaintiff's allegations of bias are factually and/or legally unsupported. Because these unsupported and conclusory allegations are insufficient to demonstrate the appearance of bias or prejudice, the Court finds no evidence upon which to reasonably question Judge Creatura's impartiality.

Accordingly, the Court hereby ORDERS that Judge Creatura's refusal to recuse himself from this matter is AFFIRMED. The Clerk SHALL provide copies of this order to Plaintiff and to all counsel of record.

DATED this 17th day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ON REVIEW OF MOTION FOR
RECUSAL - 3