UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

    Plaintiff,

v.

SANDRA ALDRIDGE, *et al.*,

    Defendants.

CASE NO. 3:19-cv-05600-RBL-JRC

ORDER ON MISCELLANEOUS MOTIONS

This matter has been referred to the undersigned by the District Court. *See* Dkt. 64. The matter is before the Court on plaintiff's motion to compel (Dkt. 55), motion for a subpoena (Dkt. 56), motion for new evidence and to add a defendant (Dkt. 65), motion challenging a court order (Dkt. 66), and second motion to compel (Dkt. 72), all of which are ripe for the Court's review and are denied for the reasons set forth herein.

**BACKGROUND**

Plaintiff brings suit for damages against nine defendants related to his Public Records Act (ch. 42.56 RCW) request to the Washington State Department of Corrections ("DOC") for audio

evidence allegedly held by the Vancouver Police Department.  *See* Dkt. 11, at 5.  This matter was initially referred to Magistrate Judge David W. Christel but has since been re-assigned to the undersigned.  *See* Dkt. 64.

## MOTION TO COMPEL

The Court considers plaintiff's two motions to compel together because the second motion to compel appears to be a reply in support of the first.  *See* Dkts. 55, 72.

Under the Court's Local Rules—

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  *If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute.*  A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.  If the court finds that counsel for any party, or a party proceeding *pro se*, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in CR 11 of these rules.

Local Civil Rule ("LCR") 37(a)(1) (emphasis added).

Plaintiff's motion to compel includes no such certification.  *See* Dkts. 55, 72.  Plaintiff is well aware of the requirement, having been informed on at least one other occasion of this Court's meet-and-confer requirement.  *See* Dkt. 37, at 1, *Smith v. Haynes*, 3:19-cv-05394-RBL (W.D. Wash. March 12, 2020).  Therefore, plaintiff's motion to compel (Dkts. 55, 72) is denied.

## MOTION FOR SUBPOENA

Plaintiff requests that the Court issue a subpoena duces tecum directing a defendant to produce a video record of plaintiff's arraignment and his cell phone.  Dkt. 56, at 5.

A subpoena is not a substitute for discovery directed to a party. "A subpoena duces tecum, under [Federal] Rule [of Civil Procedure] 45, is not intended as a substitute for a motion to produce under Rule 34, where, as in this case, the subpoena requires production of documents under the control of [a party to the action], as distinguished from documents in the possession and control of an independent witness." *Wirtz v. Local Union 169, Int'l Hod Carriers' Bldg. & Common Laborers' Union of Am., AFL-CIO*, 37 F.R.D. 349, 351 (D. Nev. 1965).

Because plaintiff seeks production of documents from a defendant in this matter, the Court denies his motion for a subpoena.

**MOTION TO ADD NEW EVIDENCE AND NEW DEFENDANT**

Plaintiff requests that the Court consider new evidence (certain letters related to his public disclosure request) and add "Olga Dacy" as a defendant in this action. *See* Dkt. 65, at 1.

Plaintiff has already filed this same motion with the Court. *See* Dkt. 4. Magistrate Judge David W. Christel—to whom this case was previously referred—denied the Order but noted that the Court would consider evidence if relevant to a pending motion. Dkt. 17, at 2. Consistent with Magistrate Judge Christel's Order, the Court will consider plaintiff's evidence in issuing a report and recommendation on the pending summary judgment motion. *See* Dkt. 43. However, plaintiff is advised that in the future, if he wishes to have the Court take evidence into account when ruling on dispositive motions, he should file the evidence as an attachment to either his motion or his response to a dispositive motion (such as a summary judgment motion).

Inasmuch as plaintiff requests that a new defendant ("Olga Dacy") be added, Magistrate Judge Christel previously informed plaintiff that the Court would not allow him to amend his complaint unless he provided a proposed amended complaint with his motion, in accordance

with the Local Rules. *See* Dkt. 17, at 2–3. Plaintiff has not done so, and therefore the Court denies his motion.

### MOTION CHALLENGING COURT ORDER

Plaintiff has filed a "motion challenging court order"—a motion that appears to be a request for reconsideration of Magistrate Judge Christel's order denying plaintiff's previous motion requesting that the Court direct certain persons to respond. *See* Dkt. 62, at 2–3. In particular, plaintiff asserts that Magistrate Judge Christel erred in concluding that "Olga Dacy" could not be directed to respond since she had not properly been added to the lawsuit as a defendant. *See* Dkt. 66, at 1.

"Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff fails to show manifest error in the prior ruling—Magistrate Judge Christel correctly pointed out that because plaintiff failed to comply with the requirements to amend his complaint, Olga Dacy was not a defendant, and a non-party could not be directed to respond to the complaint. Therefore the motion for reconsideration is denied.

### NOTICE TO PLAINTIFF

The Court notes that plaintiff continues to file duplicative and frivolous filings in this matter. The Court again directs Plaintiff to refrain from excessive filing. If Plaintiff files any duplicative motion requesting the same relief as requested in a previously filed motion that has previously been considered and denied, the Court may strike the motion without additional comment.

///

**CONCLUSION**

Plaintiff's motions are denied. Dkts. 55, 56, 65, 66, 72. The Court will separately issue a report and recommendation on the pending summary judgment motion. *See* Dkt. 43.

Dated this 25th day of June, 2020.

J. Richard Creatura
United States Magistrate Judge