UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

    Plaintiff,

v.

SANDRA ALDRIDGE, *et al.*,

    Defendants.

CASE NO. 3:19-cv-05600-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 10, 2020

The District Court has referred this 42 U.S.C. § 1983 civil rights action to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and local Magistrate Judge Rules MJR1, MJR3, and MJR4. *See* Dkt. 64. This matter is before the Court on a motion for summary judgment dismissal of plaintiff's claims filed by four defendants: a legislator, a state supreme court commissioner, an assistant attorney general, and a Department of Corrections ("DOC") public records specialist. *See* Dkt. 43. Plaintiff has come forward with no evidence that supports a claim against any of them. Therefore, defendants' summary judgment motion should be

REPORT AND RECOMMENDATION - 1

granted and all claims against these defendants should be dismissed with prejudice except the state law claims, which should be dismissed without prejudice.

## BACKGROUND

**I. Plaintiff's Allegations**

Plaintiff brings suit for damages against nine defendants related to his Public Records Act (ch. 42.56 RCW) request to the DOC for audio evidence allegedly held by the Vancouver Police Department. *See* Dkt. 11, at 5. Plaintiff was convicted and sentenced in state court of the attempted second degree murder and second degree assault based on attacking his wife on June 2, 2013. *See State v. Smith*, 189 Wash. 2d 655 (2017).[1] Relevant to this litigation, the State relied on a recording of the incident from plaintiff's cell phone's voicemail as evidence against him. *See id.* at 658.

Plaintiff brings suit on the basis that unspecified defendants "frame[d] him" by stealing his cell phone and creating a false recording. Dkt. 11, at 2. He also claims failure to adequately respond to his PRA requests related to the recording. Plaintiff attaches to his complaint the response of defendant Chad Andrews, a public records specialist, who suggested that plaintiff contact the Vancouver Police Department. Dkt. 11, at 6. Plaintiff also attaches his reply to defendant Andrews that, among other things, states plaintiff's legal conclusion that 18 U.S.C. §§ 3 and 4 required fulfillment of his request. *See* Dkt. 11, at 7. And plaintiff attaches his request for the same evidence directed to the Vancouver Police Department. Dkt 11, at 8. Plaintiff separately provides the Vancouver Police Department's response denying his request (Dkt. 65, at

---

[1] The Court may take judicial notice of this opinion in state court that has a direct relation to the proceedings here. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

1  5) and his correspondence with the Vancouver Police Department regarding this request.  *See*
2  Dkt. 65.

3      Plaintiff alleges that defendants are liable for failure to respond to his requests under a
4  portion of the PRA, RCW 42.56.520; portions of the U.S. Criminal Code, 18 U.S.C. §§ 3, 4,
5  1030, 1515(a)(3); and *Brady v. Maryland*, 373 U.S. 83 (1963).  Plaintiff also cites to the
6  Racketeering Influenced and Corrupt Organizations Act ("RICO").  *See* Dkt. 11, at 2.

7  **II. Summary Judgment Motion**

8      Defendants Johnston, Weisser, Andrews, and Harris now move for summary judgment
9  dismissal of the claims against them.  *See* Dkt. 43.  With their summary judgment motion,
10 defendants have filed a notice to plaintiff of their dispositive motion.  *See* Dkt. 46.  Plaintiff has
11 filed a response (Dkt. 57) and additional evidence (Dkts. 65, 67), and defendants have filed a
12 reply in support of their motion.  Dkt. 68.  Plaintiff also has filed a surreply in support of his
13 response.  Dkt. 76.

14      In his response, plaintiff reiterates the legal conclusions of his complaint.  *See* Dkt. 57.
15 For instance, plaintiff asserts that defendants "ignor[e] . . . or violat[e] paramount Laws,
16 including those cited & proved by Plaintiff. . ." and that they have not "responded, except with
17 absurd deflections and feigned immunities that simply do <u>not</u> exist for crimes or their willful
18 concealment."  Dkt. 57, at 1–2.

19

20 **DISCUSSION**

21 **I. Legal Standard**

22      Summary judgment is appropriate where the movant shows that there is no genuine
23 dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R.
24

Civ. P. 56(a).  In making this determination, the Court must view the evidence in the light most favorable to the nonmoving party.  *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).  The materiality of a given fact is determined by the required elements of the substantive law under which the claims are brought.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Factual disputes that do not affect the outcome of the suit under the governing law will not be considered.  *Id.*

Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  The opposing party cannot rest solely on his or her pleadings but must produce significant, probative evidence in the form of affidavits, and/or admissible discovery material that would allow a reasonable jury to find in his favor.  *Id.* at n.11; *Anderson*, 477 U.S. at 249–50.  However, weighing of evidence and drawing legitimate inferences from facts are jury functions, and not the function of the court.  *See United Steel Workers of Am. v. Phelps Dodge Corps.*, 865 F.2d 1539, 1542 (9th Cir. 1989).  Moreover, the Court may grant summary judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In order to recover pursuant to 42 U.S.C. § 1983, a plaintiff must prove that: (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

**II.  Surreply to Summary Judgment Motion**

1	The Court's local rules do not provide for a surreply to a summary judgment motion as a
2	matter of course. *See* Local Civil Rule ("LCR") 7(b)(3).  A surreply requesting to strike matters
3	from a reply is the sole exception—but the surreply must not exceed 3 pages and "shall be
4	strictly limited to addressing the request to strike."  LCR 7(g).  "Extraneous argument or a
5	surreply filed for any other reason will not be considered."  LCR 7(g)(2).

6	"[D]istrict courts have the discretion to either permit or preclude a surreply."  *Garcia v.*
7	*Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016).  However, "[t]he Court generally views
8	motions for leave to file a surreply with disfavor."  *Id.*  Although courts in the Ninth Circuit are
9	required to afford *pro se* litigants additional leniency, this leniency "does *not* extend to
10	permitting surreplies as a matter of course and the Court is not generally inclined to permit
11	surreplies absent an articulation of good cause why such leave should be granted."  *Id.*  A request
12	for leave to file a surreply typically is denied when no new evidence or legal arguments are
13	raised for the first time in the reply brief.  *See Banga v. First USA, NA*, 29 F. Supp. 3d 1270,
14	1276 (N.D. Cal. 2014).

15	Plaintiff's surreply exceeds three pages, does not request that any particular materials be
16	stricken from the reply, and reasserts his legal arguments from his complaint and response.  *See*
17	Dkt. 73.  Therefore, the Court will not exercise its discretion to consider the surreply and does
18	not include reference to the surreply in the discussion below.

19	**III. Analysis of Plaintiff's Claims against Moving Defendants**

20	**A.  Paul Weisser**

21	Defendant Weisser provides his declaration that he is an assistant attorney general who
22	represented the Washington State Attorney General in mandamus litigation that plaintiff brought
23	against the Attorney General.  Dkt. 45, at 1–2.  Weisser states that he acted entirely within the

24

1  scope of his official duties as an Assistant Attorney General. Dkt. 45, at 2. In response, plaintiff
2  provides no admissible evidence tending to support that Weisser acted in a manner violating
3  plaintiff's constitutional rights. Instead, plaintiff simply relies on his petitions for mandamus.
4  *See generally* Dkt. 67.

5  A government attorney acting with his role in civil litigation is immune from liability.
6  *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991); *see also Butz v. Economou*, 438 U.S. 478,
7  512 (1978) (Advocates are entitled to immunity from collateral damages suits based on their
8  representation of clients in other litigation). Because plaintiff offers no facts that would show
9  that defendant Weisser acted outside the scope of his role as an attorney general, the claims
10 against him in his personal capacity should be dismissed with prejudice.

11 Moreover, to the extent that plaintiff seeks to bring suit for damages against defendant
12 Weisser in his official capacity as an employee of the Washington State Attorney General's
13 Office, such would effectively be a suit against Washington State. Such a lawsuit is barred by
14 the doctrine of sovereign immunity in federal court. *See e.g.*, *Sato v. Orange Cty. Dep't of*
15 *Educ.*, 861 F.3d 923, 928 (9th Cir.)

16 **B. Michael Johnston**

17 Plaintiff brings suit against the Commissioner of the Washington State Supreme Court,
18 Michael Johnston. *See* Dkt. 11, at 3. Although plaintiff fails to articulate the basis of his claims
19 in his complaint, they appear to rest on the denial of his motion to order a writ for mandamus that
20 occurred on April 11, 2019. Dkt. 11, at 3. In another filing, plaintiff elaborates the factual basis
21 for his claim: defendant Johnston's statements at oral argument and decision on plaintiff's
22 motion to order a writ of mandamus. *See* Dkt. 28, at 2. Defendants provide the order denying
23 plaintiff's "motion to order writ," which is signed by defendant Johnston. Dkt. 45-1, at 5. In
24

1 | response to defendants' motion, plaintiff fails to provide any evidence tending to show that
2 | defendant Johnston was acting outside of his judicial role.

3 | Because plaintiff is bringing suit against defendant Johnston for actions taken in his
4 | judicial role as the Supreme Court Commissioner—that is, for denying plaintiff's motion for writ
5 | of mandamus in that Court—defendant Johnston is protected by absolute immunity.  *See Fry*,
6 | 939 F.2d at 836 (9th Cir. 1991).  Because plaintiff has failed to offer any plausible, non-
7 | speculative evidence that would support that Johnston was acting outside of his role, the claims
8 | against Johnston in his individual capacity should be dismissed with prejudice because they are
9 | barred by absolute immunity.  And, as with defendant Weisser, claims against defendant
10 | Johnston in his official capacity for damages are barred by sovereign immunity in federal court.
11 | *See e.g.*, *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017)

12 | **C.  Defendant Andrews**

13 | Plaintiff appears to base his claims against defendant Andrews on Andrews' responses on
14 | DOC's behalf to plaintiff's PRA request—responses stating that DOC did not have custody of
15 | plaintiff's cell phone and that his request would be more appropriately directed to the Vancouver
16 | Police Department.  *See* Dkt. 11, at 6.

17 | Regarding plaintiff's claim under *Brady v. Maryland*, 373 U.S. 83 (1963), against
18 | defendant Andrews, the Court interprets this claim as one of violation of due process by failing
19 | to send the evidence related to plaintiff's cell phone to plaintiff in response to his PRA request.

20 | Defendant Andrews states that he works for the Department of Corrections, which did not
21 | possess the cell phone related to plaintiff's request and had no ability to grant the request.  *See*
22 | Dkt. 44, at 2.  In response, plaintiff merely repeats his legal conclusions that all defendants are
23 | liable for withholding materials from him.  *See* Dkts. 57, 67.  Plaintiff fails to come forward with
24 |

1  any evidence to support that defendant Andrews personally participated in the alleged

2  deprivations (as required for a claim of constitutional violation under § 1983).  *See* 42 U.S.C. §

3  1983 (requiring that the defendant "subjects, or causes to be subjected" plaintiff to a

4  constitutional or federal statutory violation).  The criminal statutes to which plaintiff cites are

5  also unavailing—as the Court has previously informed plaintiff, neither 18 U.S.C. §§ 3, 4, or

6  1515 create a private right of action.  *See Smith v. Coleman*, No. 320CV05319RBLJRC, 2020

7  WL 2219425, at *1 (W.D. Wash. May 6, 2020).  Nor does plaintiff provide any evidence to

8  support that the alleged actions taken by defendant Andrews involved the use of a computer to

9  perpetrate fraud as required by 18 U.S.C. § 1030(a) or that he has established the elements of a

10 RICO cause of action.  *See United Bros. of Carpenters & Joiners of Am. v. Bldg. & Constr.*

11 *Trades Dep't*, 770 F.3d 834, 837 (9th Cir. 2014) (elements of a private cause of action under

12 RICO).

### D.  Defendant Harris

14      Plaintiff asserts claims against "Paul Harris" without explaining that defendant's

15 relationship to the alleged events at issue.  *See* Dkt. 11; *see also* Dkt. 31, at 1.  Defendant Harris

16 asks that the claims against him be dismissed with prejudice on the basis of failure to provide

17 any allegations of his role in the alleged events.  *See* Dkt. 43, at 5.

18      Neither plaintiff's response to the summary judgment motion nor his additional evidence

19 provide any evidence to support that defendant Harris participated in or had anything to do with

20 the alleged events at issue.  *See* Dkts. 57, 65, 67.  Because plaintiff has failed to come forward

21 with any evidence on this point in response to defendants' summary judgment motion, dismissal

22 with prejudice of his federal claims against defendant Harris is appropriate.  *See Celotex Corp. v.*

23 *Catrett*, 477 U.S. 317, 323 (1986).

24

### E. Public Records Act Claim

Plaintiff raises one state law claim: that defendants violated RCW 42.56.520 by "ignor[ing] his requests." *See* Dkt. 11, at 1. That statute—a portion of the PRA—requires that within five business days of receiving a request, the agency provide the record or internet access to the record, acknowledge the request and provide a reasonable estimate of the time to respond to the record, request clarification, or deny the request. *See* RCW 42.56.520(1).

The undersigned recommends dismissal of state law claims without prejudice to plaintiff's ability to bring such claims in state court. Pursuant to 28 U.S.C. § 1367(c)(3), if a federal district court has dismissed all claims over which it has original jurisdiction, it may, in its discretion, dismiss without prejudice supplemental state law claims brought in the same action. "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, fairness, convenience, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

This is the case here—plaintiff's claims against these defendants are being dismissed before trial, and judicial economy and comity concerns counsel in favor of a dismissal without prejudice. Of note, plaintiff's claims against defendant Andrews involve a determination of whether Andrews' responses can form the basis for liability under the PRA—a topic more appropriate for state than federal court resolution. Therefore, the Court should agree with the moving defendants that the state law claims against them should be dismissed for a lack of subject matter jurisdiction. *See* Dkt. 43, at 12. If plaintiff wishes to pursue claims against these defendants based solely on violation of state law, the appropriate forum is state court.

///

## CONCLUSION

The undersigned recommends that defendants' Weisser's, Andrew's, Harris's, and Johnston's motion for summary judgment (Dkt. 43) be granted, that federal law claims against these defendants be dismissed with prejudice, that state law claims against these defendants be dismissed without prejudice, and that these four defendants be terminated from this action.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 10, 2020** as noted in the caption.

Dated this 25th day of June, 2020.

J. Richard Creatura
United States Magistrate Judge