UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

            Plaintiff,

    v.

SANDRA ALDRIDGE, *et al.*,

            Defendants.

CASE NO. 3:19-cv-05600-RBL-JRC

ORDER ON MISCELLANEOUS MOTIONS

This matter is before the Court on plaintiff's motions to amend his complaint (Dkt. 80), to add new evidence (Dkt. 81), to compel disclosure (Dkt. 82), and for service by mail. Dkt. 83. For the reasons set forth herein, the Court denies these motions.

**Motion to Amend**

Plaintiff again (*see* Dkt. 4) seeks to add "Olga Dacy" from the "Vancouver Police Department" to his complaint, apparently in order to bring claims that she breached the Washington State Public Records Act ("PRA") related to his 2019 request for public records. *See* Dkt. 80, at 1.

1   Plaintiff captions his renewed motion to amend as a "proposed amended complaint" (Dkt.
2   80, at 1); however, plaintiff has not, in fact, filed a proposed amended complaint that includes
3   claims against Dacy. *See* Dkts. 80, 81. Instead, plaintiff asks the Court to add Dacy to this
4   action, without stating any cognizable factual or legal allegations against her other than his
5   conclusion that she violated the PRA. *See* Dkt. 80.

6   Plaintiff has failed to comply with Local Civil Rule 15, regarding procedures for
7   requesting to amend a pleading. Moreover, plaintiff requires leave of Court to amend his
8   complaint. *See* Fed. R. Civ. P. 15(a)(1). "A district court does not err in denying leave to amend
9   where the amendment would be futile . . . or would be subject to dismissal." *Saul v. United*
10  *States, 928 F.2d 829, 843* (9th Cir. 1991) (citations omitted). Here, in addition to failing to
11  comply with the procedure required by the local civil rules for requesting to amend his
12  complaint, plaintiff's proposed amendment contains no cognizable legal claim against Dacy and
13  instead relies on his bare conclusion that she violated the PRA.

14  Therefore, plaintiff's request to amend his complaint (Dkt. 80) is denied.

### Motion to Add Evidence

16  Plaintiff requests to add evidence in support of his proposed claims against Olga Dacy.
17  Dkt. 81, at 1. However, as noted above, plaintiff's motion to amend his complaint is denied, so
18  that his motion to add evidence in support of his proposed claims that are not before the court is
19  also denied.

### Motion to Compel

21  On July 7, 2020, plaintiff brought a motion to compel a "voicemail." *See* Dkt. 82, at 3.
22  However, the deadline for filing a motion to compel in this case expired in June 2020. Dkt. 29.
23  His motion to compel is therefore denied as untimely.

24

**Motion to Serve by Mail**

Plaintiff requests that the Court allow service by mail. *See* Dkt. 83. Plaintiff does not reference who or what he intends to serve. Since the Court is unable to determine what relief plaintiff seeks, it denies his motion to serve by mail.

**CONCLUSION**

Plaintiff's miscellaneous motions (Dkts. 80–83) are denied.

Dated this 24th day of August, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER ON MISCELLANEOUS MOTIONS - 3