UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GARRETT SMITH,

        Plaintiff,

v.

SANDRA ALDRIDGE *et al.*,

        Defendants.

CASE NO. 3:19-cv-05600-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: September 18, 2020

The District Court has referred this 42 U.S.C. § 1983 civil rights action to the undersigned as authorized by 28 U.S.C. § 636(b)(1)(A)–(B) and local Magistrate Judge Rules MJR1, MJR3, and MJR4.

This matter is before the Court on defendant Daniel Lloyd's motion for summary judgment dismissal of the claims against him. Plaintiff has provided no cognizable legal theory to support his claims against defendant Lloyd and did not respond to the summary judgment motion with any evidence from which a rational jury could find in his favor on his claims against defendant Lloyd. Instead, plaintiff merely relies on his broad conclusion that defendant Lloyd

1  committed "fraud."  Therefore, summary judgment dismissal of the claims against defendant
2  Lloyd is appropriate.

## BACKGROUND

Plaintiff brings suit for damages against nine defendants related to his Public Records Act ("PRA," ch. 42.56 RCW) request to the DOC for audio evidence allegedly held by the Vancouver Police Department. *See* Dkt. 11, at 5.  Plaintiff was convicted and sentenced in state court of attempted second-degree murder and second-degree assault based on attacking his wife on June 2, 2013.  *See State v. Smith*, 189 Wn. 2d 655 (2017).[1]  Relevant to this litigation, the State relied on a recording of the incident from plaintiff's cell phone's voicemail as evidence against him.  *See id.* at 658.

Plaintiff generally alleges that unspecified defendants "frame[d] him" by stealing his cell phone and creating a false recording.  Dkt. 11, at 2.  He also claims failure to adequately respond to his PRA requests related to the recording.  Plaintiff's complaint lists no particularized allegations against defendant Lloyd.  *See generally* Dkt. 11.  Plaintiff concludes that defendants are liable for failure to respond to his requests under a portion of the PRA, RCW 42.56.520; portions of the U.S. Criminal Code, 18 U.S.C. §§ 3, 4, 1030, 1515(a)(3); and *Brady v. Maryland*, 373 U.S. 83 (1963).  Plaintiff also cites to the Racketeering Influenced and Corrupt Organizations Act ("RICO").  *See* Dkt. 11, at 2.

Defendant Lloyd now seeks summary judgment dismissal of the claims against him.  Dkt. 87.  He has filed a notice of dispositive motion with his summary judgment motion.  Dkt. 89.

---

[1] The Court may take judicial notice of this opinion in state court, which have a direct relation to the proceedings here.  *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

1  Plaintiff has filed his response (Dkt. 96), defendant Lloyd has filed his reply (Dkt. 98), and the
2  matter is ripe for decision.

3  **DISCUSSION**

4  **I. Legal Standard**

5  Summary judgment is appropriate where the movant shows that there is no genuine
6  dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R.
7  Civ. P. 56(a). In making this determination, the Court must view the evidence in the light most
8  favorable to the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

9  Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing
10 the motion must do more than simply show that there is some metaphysical doubt as to the
11 material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The
12 opposing party cannot rest solely on his or her pleadings but must produce significant, probative
13 evidence in the form of affidavits, and/or admissible discovery material that would allow a
14 reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249–50. However,
15 weighing of evidence and drawing legitimate inferences from facts are jury functions, and not
16 the function of the court. *See United Steel Workers of Am. v. Phelps Dodge Corps.*, 865 F.2d
17 1539, 1542 (9th Cir. 1989).

18 **II. Analysis**

19 Defendant Lloyd asserts several reasons that summary judgment dismissal of the claims
20 against him is appropriate. To resolve this matter, it is necessary to address only whether
21 plaintiff has met his burden under Rule 56 in opposition to summary judgment.

22 In the complaint, plaintiff does not articulate specific allegations regarding how
23 defendant Lloyd acted. From his opposition to summary judgment, it appears that plaintiff is

24

1  asserting that defendant Lloyd acted fraudulently.  Plaintiff states in his opposition that defendant
2  Lloyd is liable to plaintiff based on Lloyd's alleged role in another district court case, in which
3  plaintiff claims that defendant Lloyd has committed "fraud upon a federal court" and is
4  "brazenly asking federal judges currently under appeal in the 9th Circuit . . . to adjudicate
5  anyway."  *See* Dkt. 96, at 2–3; *see also* Dkt. 96, at 6 (asserting that Lloyd is a "liar[] and
6  accomplice[] to treason and criminal thefts[.]").

7  But plaintiff provides no evidence from which a rational trier of fact could conclude that
8  defendant Lloyd acted fraudulently.  Plaintiff's bare assertions in his opposition regarding
9  alleged fraud in a court proceeding are inadequate.  *See Jones v. Blanas*, 393 F.3d 918, 923 (9th
10 Cir. 2004) (the Court will not accept as true a *pro se* plaintiff's contentions in motions and
11 pleadings that are not based on personal knowledge and that do not set forth facts that would be
12 admissible in evidence).  In response to a summary judgment motion, plaintiff has the burden to
13 come forward with "significant, probative evidence" from which a jury could find in his favor on
14 his claims against defendant Lloyd, or else the Court must grant summary judgment.  *See*
15 *Matsushita Elec. Indus. Co.*, 475 U.S. at 586; *Anderson*, 477 U.S. at 249–50.  Plaintiff has failed
16 to do so here.

17 Further, plaintiff's complaint fails to provide any cognizable legal theory under which
18 defendant Lloyd is liable.  The mere conclusion that there was "fraud" without a cognizable legal
19 theory is inadequate.

20 Plaintiff has shown no genuine issue of material fact, and judgment for defendant Lloyd
21 is appropriate as a matter of law.  Therefore, the Court should grant the summary judgment
22 motion.
23 ///
24

1 **CONCLUSION**

2 The undersigned recommends that defendant Lloyd's motion for summary judgment

3 (Dkt. 87) be granted and that claims against defendant Lloyd be dismissed with prejudice.

4 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

5 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

6 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

7 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

8 of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

9 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

10 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September**

11 **18, 2020** as noted in the caption.

12 Dated this 3rd day of September, 2020.

J. Richard Creatura
United States Magistrate Judge