UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GARRETT SMITH,<br><br>                    Plaintiff,<br><br>        v.<br><br>SANDRA ALDRIDGE *et al.*,<br><br>                    Defendants. | CASE NO. 3:19-cv-05600-RJB-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: September 25, 2020 |

The District Court has referred this matter to the undersigned as authorized by 28 U.S.C. § 636(b)(1)(A)–(B) and local Magistrate Judge Rules MJR1, MJR3, and MJR4.

This matter is before the Court on defendant Anthony Golik's motion for summary judgment dismissal of the claims against him, which includes an argument that judgment on the pleadings is appropriate. Because plaintiff has failed to make any plausible allegation of how defendant Golik is liable to him, the Court should dismiss plaintiff's claims against Golik. The Court should also dismiss the remaining defendants because plaintiff has failed to serve them and it has been more than a year since he filed the complaint.

///

|   |   |
|---|---|
| 1 | **BACKGROUND** |
| 2 | Plaintiff, who paid the filing fee, brings suit for damages against nine defendants related |
| 3 | to his Public Records Act ("PRA," ch. 42.56 RCW) request to the DOC for audio evidence |
| 4 | allegedly held by the Vancouver Police Department. *See* Dkt. 11, at 5. Plaintiff was convicted |
| 5 | and sentenced in state court of attempted second-degree murder and second-degree assault based |
| 6 | on attacking his wife on June 2, 2013. *See State v. Smith*, 189 Wn. 2d 655 (2017).[1] Relevant to |
| 7 | this litigation, the State relied on a recording of the incident from plaintiff's cell phone's |
| 8 | voicemail as evidence against him. *See id.* at 658. |
| 9 | Plaintiff generally alleges that unspecified defendants "frame[d] him" by stealing his cell |
| 10 | phone and creating a false recording. Dkt. 11, at 2. He also claims failure to adequately respond |
| 11 | to his PRA requests related to the recording. Plaintiff's complaint lists no particularized |
| 12 | allegations against defendant Golik. *See generally* Dkt. 11. Plaintiff concludes that defendants |
| 13 | are liable for failure to respond to his requests under a portion of the PRA, RCW 42.56.520; |
| 14 | portions of the U.S. Criminal Code, 18 U.S.C. §§ 3, 4, 1030, 1515(a)(3); and *Brady v. Maryland*, |
| 15 | 373 U.S. 83 (1963). Plaintiff also cites to the Racketeering Influenced and Corrupt |
| 16 | Organizations Act ("RICO"). *See* Dkt. 11, at 2. |
| 17 | Defendant Golik now seeks summary judgment dismissal of the claims against him. Dkt. |
| 18 | 91. He has filed a notice of dispositive motion with his summary judgment motion. Dkt. 92. |
| 19 | Plaintiff has filed his response (Dkt. 95), defendant Golik has filed his reply (Dkt. 99), and the |
| 20 | matter is ripe for decision. |
| 21 | /// |
| 22 |  |
| 23 | [1] The Court may take judicial notice of this opinion in state court, which have a direct relation to the proceedings here. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. |
| 24 | 2007). |

REPORT AND RECOMMENDATION - 2

## DISCUSSION

### I. Legal Standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings any time "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Courts may grant such motions only when, after accepting the allegations as true and construing them in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009). If the motion for judgment on the pleadings is based on a failure to state a claim upon which relief can be granted, the standard is the same as for a motion to dismiss under Rule 12(b)(6). *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

The standard for granting leave to amend under Rule 12(c) is also identical to Rule 12(b)(6). *Pac. W. Grp., Inc. v. Real Time Sols., Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008). Thus, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

### II. Analysis of Defendant Golik's Claims

Defendant Golik makes a number of alternative arguments in support of dismissal, including an argument under Rule 12(c) that dismissal is appropriate because plaintiff has not stated a cognizable claim against defendant Golik. *See* Dkt. 91. The Court agrees and recommends that the matter be resolved based on this argument.

1           Plaintiff includes no particular allegations about how defendant Golik acted in the

2    complaint.  Plaintiff identifies a number of laws that he claims various defendants have

3    "breached repeatedly" (Dkt. 11, at 1), but he never explains how defendant Golik has violated

4    any law or taken any particular actions in this matter.  His conclusory allegations are inadequate

5    to state a claim upon which relief can be granted.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

6    555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

7    requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

8    of action will not do.". . .  Factual allegations must be enough to raise a right to relief above the

9    speculative level. . . ."  (Internal citations omitted)).

10          Moreover, dismissal without an opportunity to amend is appropriate because plaintiff

11   provides no argument or evidence from which the Court could conclude that amendment would

12   not be futile.  Instead, in response to defendant Golik's motion, plaintiff simply asserts that

13   "Golik is so overwhelmingly AND obviously guilty of serious crimes . . . that [the] Court should

14   not, and by law cannot, give credent to his banal lament."  Dkt. 95, at 3–4.  Plaintiff refers to his

15   request for review of a prior Order in this matter, which the Ninth Circuit dismissed (*see* Dkts.

16   94, 102), but the fact that plaintiff has unsuccessfully appealed the Court's orders sheds no light

17   on the viability of his allegations against Golik.  Plaintiff also refers to various exhibits that he

18   attaches, but for the most part, these documents contain no reference to defendant Golik, either.

19          Plaintiff's passing reference to defendant Golik as "the elected official above prosecutor

20   Jennifer Nugent" is inadequate for the Court to infer any potentially cognizable claim against

21   Golik.  Dkt. 95, at 10.  Because amendment would be futile, the claims against Golik should be

22   dismissed without leave to amend.

23   ///

24

REPORT AND RECOMMENDATION - 4

**III. Remaining Defendants**

It has been over a year since the complaint in this matter was filed by plaintiff, who paid the filing fee. *See* Dkt. 11. Under Federal Rule of Civil Procedure 4(m), plaintiff had 90 days from filing the complaint to serve defendants. His failure to do so requires that this Court "on motion or on its own after notice to the plaintiff" "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The Court has repeatedly informed plaintiff that he must serve defendants. *See* Dkt. 17, at 2; Dkt. 19, at 2; Dkt. 20; *see also* Dkt. 62, at 3 (declining to order defendant Aldridge to respond where plaintiff had never filed a proof of service on defendant Aldridge). In December 2019, the Court warned plaintiff that claims against unserved defendants were subject to dismissal under Rule 4(m). Dkt. 20. Plaintiff responded to that Order by filing proofs of service on certain defendants but has never filed any proof of service on defendants Yong, McElvain, or Aldridge. *See* Dkts. 22–25.

Because the Court has repeatedly provided notice to plaintiff yet, in the year since his complaint was filed, he has not served defendants Yong, McElvain, and Aldridge, the Court should dismiss the claims against them without prejudice, pursuant to Rule 4(m).

## CONCLUSION

The undersigned recommends that the Court grant defendant Golik's request for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which is contained in defendant Golik's motion for summary judgment (Dkt. 91), and that claims against defendant Golik be dismissed. Claims against the remaining defendants, who are unserved, should also be dismissed, and the case should be closed.

1       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
3  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*
4  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
5  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
6  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
7  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September**
8  **25, 2020** as noted in the caption.

        Dated this 9th day of September, 2020.

                                                        J. Richard Creatura
                                                        United States Magistrate Judge

REPORT AND RECOMMENDATION - 6